PEOPLE ex rel. IANIK v. DALY, Sheriff.

(Supreme Court, Niagara County, at Chambers.   June 9, 1913.)

CRIMINAL LAW (§ 576*)—TIME OF TRIAL—DISCHARGE OF ACCUSED FOR DELAY.

Under Code Cr. Proc. § 8, providing that the defendant in a criminal action is entitled to a speedy trial, and section 668, providing that if a defendant indicted for crime, whose trial has not been postponed upon his ,application, is not brought to trial at the next term of the court in which the indictment is triable after it is found, the court may, on defendant's application, order the indictment dismissed, unless good cause to the contrary is shown, a person indicted for crime, whose trial was set for May 13th, the second day of the first term after the transfer of the indictment to the County Court for trial, and whose trial therein with his consent was adjourned to May 26th, and then to June 6th, was not entitled to his discharge, although that term adjourned before June 6th, where it did not appear that the prosecution was unprepared to go to trial on June 6th, or that it had any control of the adjournment before that date; since a person should not be summarily discharged, unless it appears that his detention is due to want of preparation on the part of the prosecution to go on with the trial, coupled with resistance to postponement on his part, and a demand for a speedy trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1297–1304; Dec. Dig. § 576.*]

Application in the name of the People, on the relation of Michael Ianik, against Dennis W. Daly, as Sheriff, for the discharge of relator from custody, under Code Cr. Proc. § 668.  Application denied, and relator remanded to custody. ·

W. H. Earl, of Lockport, for relator.

Burt A. Duquette, of Lockport, Asst. Dist. Atty., for respondent.

POUND, J.   Section 668, Code of Criminal Procedure, reads as follows:

"If a defendant, indicted for a crime whose trial has not been postponed upon his application, be not brought to trial at the next term of the court in which the indictment is triable, after it is found the court may, on application of the defendant, order the indictment to be dismissed, unless good cause to the contrary be shown."

It appears that relator was indicted at the April term of the Supreme Court for the crime of forgery, second degree, and grand larceny, second degree, and that he was arrested and admitted to bail, but afterwards was surrendered by his bail, and has since May 8th been confined in Niagara county jail awaiting trial.   The indictments

were duly transferred to the County Court for trial. The first term of the County Court in which the indictments were triable convened on the 12th day of May, 1913, and the trial of the relator was set down for May 13, 1913, adjourned with relator's consent to May 26, and again to June 6, 1913, before which date the term of court was adjourned and the jury was discharged without trial of defendant. The next term of County Court will be held in September, 1913.

"In a criminal action the defendant is entitled: 1. To a speedy * * * trial." Code Cr. Proc. § 8.

But:

"The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances." Beavers v. Haubert, 198 U. S. 77, 25 Sup. Ct. 573, 49 L. Ed. 950.

A man ought not to be kept in jail indefinitely, awaiting trial; but, having due regard for the claims of public justice, as well as the rights of the individual, I am of the opinion that such a one ought not to be summarily discharged, unless it appears that his detention is due to want of preparation on the part of the people to go on with the trial, coupled with resistance to postponement on his part and a demand for a speedy trial. Relator acquiesced in the various postponements, and made no demand for an immediate trial, and it does not appear that the prosecution was unprepared to go to trial on June 6th, or that it had any control over the adjournment of the term before the day finally set for trial.

Relator is therefore remanded to custody.